**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ANA GRISELDA ESCOBAR,

                          *Plaintiff*,

                   -against-

VARIEDADES BELEN CORP., MERCEDES
CANALES, and MARIA CANALES,

                        *Defendants*.
------------------------------------------------------------X

                                        **MEMORANDUM**
                                        **AND ORDER**
                                23-cv-04849 (JMW)

**A P P E A R A N C E S:**

Colin J. Mulholland, Esq.
**Law Officers of Colin Mulholland**
36-36 33rd Street
Suite 308
Astoria, NY 11106
*Attorneys for Plaintiff*

Adam I. Kleinberg, Esq.
**Sokoloff Stern LLP**
179 Westbury Avenue
Carle Place, NY 11514
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

         Plaintiff Ana Griselda Escobar ("Plaintiff"), a former employee of Defendants Variedades

Belen Corp., Mercedes Canales, and Maria Canales ("Defendants"), commenced this action on

June 30, 2023 on behalf of herself against Defendants alleging claims for unpaid minimum and

overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair

Labor Standards Act of 1938, 29 U.S.C. 201 *et seq*. ("FLSA"), the New York Minimum Wage

Act, N.Y. Lab. Law ("NYLL") 650 *et seq*., and spread of hours pursuant to the spread of hours

wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. &

REGS. Tit. 12, 137-1.7 (2006) (the "Spread of Hours Wage Order"). (ECF No. 1; ECF No. 19 at 2-3.) Following mediation before the EDNY FLSA Mediation Panel, the parties reported that they had reached a settlement in principle, and subsequently consented to the undersigned's jurisdiction for all purposes. (ECF Nos. 17, 18.)[1] Now before the Court is Plaintiff's First Motion for Settlement Approval.  (ECF No. 19.)  For reasons stated herein, Plaintiff's Motion is **GRANTED**, and the proposed Settlement Agreement (ECF No. 19-1) is therefore approved.

## <u>BACKGROUND</u>

Plaintiff was employed by Defendants as a cashier, clerk, and general laborer for approximately five years between approximately 2017 through September 2022.  (ECF No. 1 at 36.) On June 30, 2023, Plaintiff filed a complaint on behalf of herself against Defendants alleging they "failed to pay Plaintiff and other similarly situated employees premium overtime wages for hours worked in excess of forty hours per week."  (ECF No. 1.)

More specifically, Plaintiff alleged that Defendants: (i) failed to provide Plaintiff with a notice of her rate of pay, employer's regular pay day, and such other information as required by Labor Law § 195(1); (ii) "failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1)" and NYLL § 190 *et seq.*; (iii) "failed for pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a)" and NYLL § 651(1); "failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6; and (iv)

---

[1] The case was reassigned to the undersigned for all further proceedings on March 15, 2024. (ECF No. 20.)

failed to provide Plaintiff with a statement with each of her wages as required by NYLL 195(3). (ECF No. 1 at 49, 56, 59, 68, 72, and 75.)

On March 14, 2024, Plaintiff advised the Court via letter motion that the parties reached a settlement and sought approval from this Court of the proposed settlement agreement (hereafter, the "Settlement Agreement") (ECF. No. 19), which includes approval regarding the reasonableness of the attorneys' fees. (*Id.*) On March 14, 2024, the parties consented to the undersigned's jurisdiction for all purposes, and the case was subsequently reassigned to the undersigned for all further proceedings.  (ECF Nos. 18, 20).

## DISCUSSION

### A. Applicable Standard

Federal Rule of Civil Procedure 41 provides, in relevant part, that:

Subject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

    (i)  a notice of dismissal before the opposing party serves either an answer of a motion for summary judgment; or

    (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

In *Cheeks*, the Second Circuit held that the FLSA is an "applicable federal statute" under Rule 41 because of "the unique policy considerations underlying" the act.  *Cheeks*, 796 F.3d at 206.  Such considerations include the laudable aim of "'extend[ing] the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'"  *Id.*  (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)).  The protections of the FLSA are strong, even "employees cannot waive the protections of the FLSA." *Perry v. City of New York*, No. 21-2095, 2023 WL 5490572, at *7 (2d Cir. Aug. 25, 2023).

Accordingly, in this Circuit, Rule 41's "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. "[I]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved" by the reviewing court. *Ceesae v. TT's Car Wash Corp.*, No. 17-CV-291 (ARR) (LB), 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018, *report and recommendation adopted*, 2018 WL 741369 (Feb. 7, 2018). In reviewing the reasonableness of any proposed settlement, courts consider the totality of the circumstances, including the following relevant factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

Factors specifically weighing against settlement approval include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id.* at 336 (internal quotation marks omitted).

Even if an application of the *Wolinsky* factors demonstrates that the agreement is fair and reasonable, courts must also consider whether the settlement "complies with the Second Circuit's admonitions as articulated in *Cheeks*[.]" *Ezpino v. CDL Underground Specialists, Inc.*, No, 14-CV-3173 (DRH) (SIL), 2017 WL 3037483, at *1 (E.D.N.Y. June 30, 2017), *report and*

4

*recommendation adopted*, 2017 WL 3037406 (July 17, 2017).  Specifically, courts should guard against "highly restrictive confidentiality provisions," overbroad releases that "would waive practically any possible claim against the defendants, including unknown claim and claims that have no relationship whatsoever to wage-and-hour issues," and "a[ny] provision that would set the fee for plaintiff's attorney . . . without adequate documentation."  *Cheeks*, 796 F.3d at 206.

Courts must also ensure that any attorney's fees provided for in the agreement are reasonable.  *See* 29 U.S.C. § 216(b) ("The Court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); *see also Ceesae*, 2018 WL 1767866, at *2 (noting that courts engaging in a *Cheeks* review must "evaluate[] the reasonableness of any attorney's fees included in the proposed settlement").

Where a court "concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 597 (2d Cir. 2020).  That is, it is not this Court's role to "blue pencil" or modify the proposed agreement. Rather, the Court's role is simply to assess the terms of the proposed settlement to ensure that the agreement is fair and reasonable.  *Wolinsky*, 900 F. Supp. 2d at 335 ("[B]efore a district court enters judgment, it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable.").

## B.  The Settlement Agreement

The Settlement Agreement totals $29,000.00, with Plaintiff receiving $18,750.04 and Plaintiff's counsel receiving $10,249.96 in fees and litigation costs (ECF No. 19 at 3-4.) The settlement will be paid in one installment "no later than thirty (30) days after the Court approves

of this Settlement Agreement and provision by Plaintiff's counsel of a W-9 tax form to

Defendants' counsel." (ECF No. 19-1 at 1-1(a).) Plaintiff additionally agrees to release claims

"arising solely under the FSLA, and related regulations, the NYLL and related regulations

promulgated by the NYS Commissioner of Labor, and for any and all wage-and-hour claims and

claims of retaliation pursuant to the FLSA and NYLL arising out of Plaintiff's employment with

the Defendants" against Defendants up to and including the date Plaintiff executes the Settlement

Agreement. (*Id.* at 4.) It does not waive all possible claims (*Id.*) Defendants further agreed to

release all claims that Defendants have or may have against Plaintiff "of every kind and nature

that arose from the transactions and occurrences alleged in the Complaint." (*Id.* at 4-5.) Notably,

the Settlement Agreement does *not* contain a Confidentiality Clause. However, the Agreement

does contain language stating that this Court will retain jurisdiction to enforce the parties'

settlement agreement and release:

> 2(a).    The parties expressly consent that the Eastern District of New York shall retain
> jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to
> enter judgment, in the event of Defendants' failure to adhere to the payment schedule by
> a breach and failure to cure as described below. Or, in the event the court declines to
> retain jurisdiction, any other court of competent jurisdiction in New York.

(ECF No. 19 at 2.)[2]

For the reasons set forth below, the Court finds that these terms are acceptable.

### C. **The *Wolinksy* Factors**

Having reviewed the submissions, the Court finds that application of the *Wolinsky* factors

weighs in favor of approval. *First*, Plaintiff "alleges that she could have been entitled to upwards

of $25,435.68 in unpaid wages, before liquidated damages and other causes of action if a trier of

---

[2] The parties additionally attached a Stipulation of Dismissal, which provides: "The Court shall retain
jurisdiction to enforce the terms of the Settlement Agreement." (ECF No. 19-4 at ¶ 5.)

fact had endorsed Plaintiff's initial recollections of hours of compensable work." (ECF No. 19 at 3.) Plaintiff settled for $29,00.00, which is above the initial amount calculated by Plaintiff.

*Second,* the settlement averts what could amount to considerable additional expenses and burdens in preparing their defenses and claims and pursuing further discovery.  The costs of preparing and taking this case through trial would have dramatically increased the costs to date. Plaintiff asserts that settling now represents a "fair compromise of her respective best-case scenario in light of the risks of proceeding to trial." (*Id*. at 4.)

*Third*, the parties faced significant litigation risk if they proceeded to trial. Plaintiff argues that Defendants failed to pay minimum and overtime wages and also seek liquidated damages. (*Id*. at 2.) Defendants disagrees with the hours alleged to be worked, the term of employment and pay received by Plaintiff. (*Id*. at 3.) Moreover, Defendants contend that there were breaks in employment, a shorter employment period, and less hours worked. (*Id.*) Settlement, therefore, is an effective vehicle to avoid the significant risks and costs in further litigating this matter for all parties.

*Fourth*, the settlement is a product of arms-length bargaining between the parties, as both parties have been represented by experienced counsel and Plaintiff has "made an informed decision to settle the action." (*Id*. at 4.)  The advocacy exhibited throughout this litigation demonstrates that the settlement is unquestionably the result of arms-length negotiations. *Fifth*, there is no indicia, nor is there even a suggestion to the Court, that the settlement is a product of fraud, coercion, or collusion. In sum, the parties have come to a reasonable settlement after arms-length negotiations which permits them avoiding the risks and burdens of litigating this dispute.

Moreover, the *Wolinsky* factors that weigh against settlement do not compel a rejection of the proposed settlement in this case. *First*, there is no indication in the record that there are

similarly situated workers employed by Defendants. Though Plaintiff never formally moved for certification, it is likely that if there were similarly situated workers employed by Defendants, they could have joined the action.  Further, the proposed Settlement Agreement releases Defendants from the claims brought only by Plaintiffs.  (ECF No. 19-1 at 4.)  Any similarly situated workers, if they chose to litigate, would not be prejudiced from pursuing a future claim against Defendants.

*Second*, given the time and resources spent during the litigation process, it is likely that the Defendants will be deterred from violating the FLSA and NYLL, as alleged by Plaintiffs, in the future.  It is also unlikely that Plaintiffs' individual circumstances will reoccur.  *Third*, the Court finds that the record is bereft of any history of non-compliance with the FLSA by the same employer or other employers in the same industry or geographic region, and the parties have not suggested otherwise.

*Fourth*, while the Court acknowledges that the desirability of a mature record that further develops labor law may exist in some cases, here, there is no special reason implicating that interest.  Nonetheless, this factor alone does not compel denying a motion for approval of this settlement.  While it is possible that further discovery could reveal more information as to similarly situated workers or a proper calculation of hours worked by Plaintiff, the parties have agreed not to venture down this path.

Finally, the proposed Settlement Agreement does not contain any of the problematic provisions that are identified in *Cheeks*. As previously mentioned, there is no confidentiality provision (ECF No. 19-1). Although the Agreement contains a release, it is not an unfettered general release requiring that Plaintiff waive any and all claims she may have against Defendants.  (ECF No. 19-1 at 4.)   Rather, it is limited to claims that were, and could have been,

brought under the FLSA, the NYLL, and the Spread of Hours Wage Order up to the date of the

Settlement Agreement.  (*Id.*) The release is thus reasonable. *See e.g.*, *Garcia v. Grandpa Tony's*

*Enterprises LLC*, No. 20-CV-4691 (JMW), 2021 WL 4949030 at *2 (E.D.N.Y. Oct. 25, 2021).

As discussed more fully below, Plaintiff's counsel has provided documentation supporting the

proposed attorneys' fees and costs, which the Court finds are fair and reasonable.  (ECF No 15.)

**D.  <u>Attorney's Fees</u>**

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee

request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016)

(citation omitted).  Courts in this Circuit routinely approve of one-third contingency fees for

FLSA cases. *Calle v. Elite Specialty Coatings Plus, Inc*., No. 13-CV-6126, 2014 WL 6621081,

at *3 (E.D.N.Y. Nov. 12, 2014) (citing *Rangel v. 639 Grand St. Meat & Produce Corp*., No. 13

CV 3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)); *see also Fischer v. SD*

*Protection Inc*., 948 F.3d 593, 602 n.8 (2d Cir. 2020) (citing cases); *Singh v. MDB Construction*

*Mgmt*., Inc., No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting

that one-third of settlement is "normal rate").

Even where fees are reasonable when analyzed under the percentage method, courts will

additionally perform a lodestar "cross-check" and "compare the fees generated by the percentage

method with those generated by the lodestar method." *Mobley v. Five Gems Mgmt. Corp*., 17

Civ. 9448 (KPF), 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018) (citations omitted).

"[W]here [the lodestar method is] used as a mere cross-check, the hours documented by counsel

need not be exhaustively scrutinized by the district court.  Instead, the reasonableness of the

claimed lodestar can be tested by the court's familiarity with the case." *Goldberger v. Integrated*

*Res., Inc*., 209 F.3d 43, 50 (2d Cir. 2000); *see also In re Citigroup Inc. Sec. Litig*., 965 F. Supp.

2d 369, 388–89 (S.D.N.Y. 2013) ("Because the lodestar is being used merely as a cross-check, it is unnecessary for the Court to delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable.") (quoting *In re IPO Sec. Litig.*, 671 F. Supp. 2d 467, 506 (S.D.N.Y. 2009)).

Here, Plaintiff's Counsel is requesting $10,249.96, representing one-third of the settlement amount, $402.00 for the complaint's filing fee, and $487.50 mediation fee. Thus, the proposed attorney's fees are reasonable under the percentage method.  But that doesn't end the inquiry. Having reviewed the statements and billing records of Plaintiffs' counsel, the Court also finds the proposed attorney's fees fair and reasonable after performing a lodestar cross-check.

In utilizing the lodestar approach, courts must multiply a reasonable number of hours required for the case with the attorney's reasonable hourly rate.  *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see, e.g., Li v. Chang Lung Grp. Inc.*, No. 16 Civ. 6722 (PK), 2020 WL 1694356, at *15 (E.D.N.Y. Apr. 7, 2020) (noting that $300 to $450 is range of reasonable hourly rates for partners in FLSA cases within the Eastern District of New York); *Kliger v. Liberty Saverite Supermarket Inc.*, No. 17 Civ. 2520 (FB) (ST), 2018 WL 4782342, at *9 (E.D.N.Y. Sept. 17, 2018), report and recommendation adopted as modified by 2018 WL 4783964 (E.D.N.Y. Oct. 3, 2018) (noting that the reasonable hourly rates for wage and hour cases in the district has been set at $300 to $400); *Torres v. Gristedes Operating Corp.*, 04 Civ. 3316 (PAC), 2012 U.S. Dist. LEXIS 127890, at *11 (S.D.N.Y. Aug. 6, 2012) (noting that courts in SDNY award hourly rates of $550 or more to "extraordinary attorneys held in unusually high regard by the legal community).

Plaintiff's counsel presents attorney time records in support of his Motion for Settlement Approval, which show an hourly rate for Counsel Colin Mulholland of $375.00 (ECF No. 19-3.)

10

Accordingly, Plaintiff's lodestar amount is $5,164.50, multiplying the 11.40 hours spent on this case with a $375.00 hourly rate and including associated litigation costs. Courts in this circuit have approved similar attorneys' fees. *See Guinea v. Garrido Food Corp.*, No. 19-CV-5860 (BMC), 2020 U.S. Dist. LEXIS 5476, at *4-5 (E.D.N.Y. Jan. 11, 2020) (finding that "rates of "$350-$450 per hour for partner time, $250-$300 per hour for associate time, and $125-$175 per hour for paralegal time . . . are reasonable and consistent with rates allowed in this district.").

While the amount Plaintiff seeks under the percentage method is about double than the amount calculated under the lodestar method, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *See Johnson v. Brennan,* No. 10 CIV. 4712 CM, 2011 WL 4357376 at *20  (S.D.N.Y. Sept. 16, 2011) (collecting cases); *In re Lloyd's Am. Trust Fund Litig.*, 2002 WL 31663577, at *27 (a "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit"); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (awarding "approximately 6.3 times" the lodestar). Moreover, this total amount of fees and costs is unopposed by Defendants, weighing in favor of approval of this amount. Accordingly, the lodestar cross-check affirms the requested attorney's fee of $10,249.96 is fair and reasonable in this case.

## CONCLUSION

For the reasons stated herein, the motion for *Cheeks* approval (ECF No. 19) is hereby **GRANTED**.  The settlement is approved, and this action is dismissed prejudice and without costs, except as may be stated in the Settlement Agreement. The Court will retain jurisdiction to enforce the Settlement Agreement. *See Gutierrez v. Jhin*, No. 18-CV-00889 (BCM), 2019 WL 13412909, at *2 (S.D.N.Y. Sept. 9, 2019) ("The decision whether to retain jurisdiction over a case for enforcement purposes is discretionary with the district court."); *Brandner Corp. v.*

*V-Formation, Inc.*, 98 F. App'x 35, 37 (2d Cir. 2004) ("[A] federal district court does not retain jurisdiction to enforce a settlement agreement unless the court, typically as part of its order of dismissal, orders the parties to comply with the terms of the settlement agreement or incorporates terms of a settlement agreement explicitly retaining jurisdiction into one of its orders."); *see also Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004) (to properly request the court retain jurisdiction for the purpose of enforcing their agreement, the parties were required to submit the settlement agreement to the court and provide so in their stipulation of dismissal).

The Court directs the Clerk of the Court to close this case.

Dated: Central Islip, New York
       March 25, 2024

S O   O R D E R E D:

/S/ *James M. Wicks*
       JAMES M. WICKS
United States Magistrate Judge